519, 82 N.E.2d 393.) Plaintiff therefore failed to prove one of the necessary elements of its action.

Plaintiff's contention that its Exhibit 3 was uncontroverted and hence dispositive of the issue is without merit. Both exhibits were allegedly mailed in the same manner; defendant disclaimed notice of both of them; plaintiff's evidence regarding the mailings was the same for both. As a matter of law, the testimony adduced by plaintiff did not meet the necessary quantum of proof.

Citing *Kinsey Sales Co. v. Foremost Liquors* (1958), 15 Ill.2d 182, 154 N.E.2d 290, plaintiff also urges that it need only show knowledge on the part of defendant and that this can be achieved without notice. The principle is correct, but has no applicability to the present case. In that case, defendants did not disclaim knowledge of the fair trade contract at the time of acquiring the merchandise, but their objection was based on the fact that the order did not specifically find that they had such knowledge. In the instant case, defendant has consistently denied any knowledge of the fair trade contract.

Accordingly, the order of the circuit court of Cook County entering the preliminary injunction is reversed, and the injunction is dissolved. The cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Reversed and remanded.

DEMPSEY, P. J., and McGLOON, J., concur.

THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, *v.* LONGWOOD LIQUORS, INC., Defendant-Appellant.

(No. 57366; ▮▮▮▮▮▮)

First District (3rd Division)—December 13, 1973.

Opinion by Mr. JUSTICE McNAMARA.

Allen H. Schultz, of Chicago, for appellant.

Morton Siegel, of Chicago (Kenneth S. Freedman, of counsel), for appellee.

THE BUCKINGHAM CORPORATION, Plaintiff-Appellee, *v.* MODERN LIQUORS, INC. *et al.*, d/b/a Foremost Liquors, Defendants-Appellants.

(No. 57832;

First District (4th Division)—December 19, 1973.